## DEPARTMENT OF ENVIRONMENTAL REGULATION v. BRUNO.
### No. 76-163-CA.
Circuit Court, Bradford County.

October 26, 1976, nunc pro tunc September 13, 1976.

J.D. Boone Kuersteiner, Tallahassee, for the plaintiff.

Wililam B. Watson, III, Gainesville, for the defendant.

BENJAMIN M. TENCH, Circuit Judge.

*Order granting plaintiff's motion to strike and judgment on the pleadings for injunctive relief:* The court having examined the pleadings filed in this cause, having heard extensive argument of counsel for the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law —

## Findings of fact

(1) The defendant admits that he owns, operates and maintains a water supply system in the city of Hampton, Bradford County, Florida, and is engaged in the business of providing water to residents of the city of Hampton that are connected to the water supply system.

(2) The defendant further admits that on or about November 5, 1975, he was served with plaintiff's Corrective Order Number 381-01 which alleged that his water supply system was being operated in a manner as to constitute a sanitary nuisance and potential menace to public health and he was therein ordered by the plaintiff to undertake certain actions to improve the system.

(3) The defendant, being adversely affected by this final agency action, did not seek judicial review of Corrective Order Number 381-01 as provided by §120.68, Florida Statutes.

(4) Plaintiff's petition for enforcement was filed with this court subsequent to the time within which the defendant could have petitioned for judicial review of plaintiff's Corrective Order Number 381-01.

(5) The defendant has failed to fully comply with plaintiff's Corrective Order Number 381-01.

## Conclusions of law

(1) The plaintiff is vested with the general supervision and regulatory control over water supply systems insofar as said systems' adequacy, sanitary and physical conditions affect the public health pursuant to §§20.261(5) and 381.261, Florida Statutes.

(2) Sections 20.261(5) and 381.291, authorize the plaintiff to issue corrective orders, subsequent to investigation, therein requiring a water supply system owner to correct any improper condition which constitutes a nuisance or menace to public health.

(3) Chapter 120, Florida Statutes, is the newly revised Administrative Procedures Act of the state of Florida, created by Chapters 74-310 and 75-191, Laws of Florida, designed to embrace all administrative proceedings of the various state agencies, departments and offices. This enactment, Chapter 120, was designed by the legislature in large part to supplant circuit court jurisdiction in all matters involving state administrative matters.

(4) The plaintiff is an administrative agency of the state of Florida as defined by §120.52(1)(b). Section 120.52(2) states that "agency action" is the whole or part of an order of the agency.

(5) Section 120.69 prescribes the procedures to be followed by an "agency" to seek enforcement of agency "action" upon the filing of a petition for enforcement in the circuit court where the subject matter of the enforcement is located. Section 120.69(5) provides —

> "In any enforcement proceeding the respondent may assert as a defense the invalidity of any relevant statute, the inapplicability of the administrative determination to respondent, compliance by the respondent, the inappropriateness of the remedy sought by the agency, or any combination of the foregoing. In addition, if the petition for enforcement is filed during the time within which the respondent could petition for judicial review of the agency action, the respondent may assert the invalidity of the agency action."

(6) The fundamental rule of statutory construction is to ascertain and give effect to the intention and purpose of the legislature and such intention is to be ascertained primarily from the language used in the statute, irrespective of the fact that the phraseology may be awkward, slovenly or inarticulate, and the intention is to be taken or presumed according to what is consonant with reason and good discretion. 82 C.J.S. *Statutes,* §322, et seq. Furthermore, a construction should not be adopted which would lead to an unjust, absurd, unreasonable or mischievous result, or one at variance with the policy of the legislation as a whole. 82 C.J.S. *Statutes,* §322.

(7) In view of the language of §120.68, which provides for judicial review of "final agency action" before the District Court of Appeal, it is the court's opinion that the legislature by enacting §120.69(5) intended to interpose an exclusive limitation on the matters that could be asserted as defenses to an agency's petition for enforcement in the circuit court. To construe the language of §120.69(5) in some other fashion would be to hold that the circuit courts could exercise appellate judicial review of "final agency action" contrary to the language of §120.68.

(8) The matters asserted by the defendant in paragraph 5 of his answer as an affirmative defense to the plaintiff's petition for enforcement present questions of law and fact which exceed the limitations set forth in §120.69(5) respecting assertable defenses, and as such these matters are not appropriate for consideration in the cause of action presently pending before this court.

It is therefore ordered and adjudged as follows — (1) That the plaintiff's motion to strike insufficient legal defense is granted. (2) That the plaintiff's motion, ore tenus, for judgment on the pleadings is granted. (3) That the defendant, Arthur Bruno, d/b/a Hampton Water Company, shall substantially comply with the plaintiff's Corrective Order Number 381-01 by no later than November 15, 1976. (4) That this court retains jurisdiction over this cause and over the parties hereto to grant additional relief or to modify this order, including the enjoining of further operation of defendant's water supply system, should the defendant fail to substantially comply with plaintiff's corrective order Number 381-01 by November 15, 1976, and to compel compliance with the above order.